USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/29/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

                  Plaintiffs,

-against-

UNIVERSAL DEVELOPERS, INC.,
UNIVERSAL FIXTURE INSTALLATIONS INC.,
ALLIED MILLWORK INSTALLATIONS LLC,
and CHRISTOPHER ZIGO,

                  Defendants.

23 Civ. 1082 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' letters dated June 26, 27, 28, and 29, 2023. *See* ECF Nos. 35–39. On June 26, 2023, Plaintiffs advised the Court that Defendant Christopher Zigo filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court of the Eastern District of New York. ECF No. 35. As such, pursuant to 11 U.S.C. § 362, this action is automatically stayed as to Defendant Zigo. *See id.* Defendants Universal Developers, Inc. ("Universal"), Universal Fixture Installations, Inc. ("Universal Fixture"), and Zigo request that the stay be applied to all Defendants. ECF No. 36. Plaintiffs oppose. ECF No. 37. Plaintiffs also request in the alternative that the Court set a conference and briefing schedule. ECF No. 39.

    Section 362(a)(1) provides that a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). But, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003) (alteration and citation omitted). Rather, the automatic stay may be extended to non-debtor codefendants "when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate[,]" such as "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.'" *Id.* (citations omitted). In *Queenie*, the Second Circuit extended a stay to a non-debtor which was a wholly owned corporation of the debtor. *Id.* at 288; *see M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 08 Civ. 183, 2010 WL 959604, at *2 (E.D.N.Y. Mar. 15, 2010).

Here, *Queenie* is on point. 321 F.3d 282. Plaintiffs' own pleading alleges that Zigo is the owner of Universal and Universal Fixture. *See* Am. Compl. ¶ 10, ECF No. 28; *see also* ECF No. 36 ("Zigo was the owner and sole officer for both [D]efendants Universal . . . and Universal Fixtures."). The amended complaint also alleges that all Defendants are "alter egos/successors of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership." Am. Compl. ¶ 79; *see id.* ¶¶ 25–49. Plaintiffs further allege that by "virtue of [their] status as alter egos/successors/single employers," Universal, Universal Fixture, and Allied Millwork Installations LLC ("Allied") are all jointly and several liable for obligations under a collective bargaining agreement. *See id.* ¶¶ 78–88. Therefore, the stay applies to the remaining named Defendants because Universal and Universal Fixture are wholly owned by Zigo; Universal, Universal Fixture, and Allied are alter egos and/or successors of each other; and "adjudication of [the] claim[s] against [Universal, Universal Fixture, and Allied] w[ould] have an immediate adverse economic impact on" Zigo. *Queenie*, 321 F.3d at 288.

Accordingly, Defendants' request to stay the case for all Defendants is GRANTED. The action is STAYED until further order of the Court. Plaintiffs' request for a conference and briefing schedule is DENIED. The Clerk of Court is directed to STAY the matter and terminate the motion at ECF No. 36. The parties shall submit a status update regarding the pending bankruptcy proceeding by **August 28, 2023**, and **every sixty days thereafter**.

SO ORDERED.

Dated: June 29, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge